**Opinion issued October 4, 2012**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-11-00777-CV

———————————

**OTITO EGBUNIKE, Appellant**

**V.**

**CITIMORTGAGE, INC., Appellee**

---

**On Appeal from the County Court at Law No. 2**
**Fort Bend County, Texas**
**Trial Court Cause No. 11-CCV-045229**

---

## MEMORANDUM OPINION

In this forcible-detainer action, appellant, Otito Egbunike, appeals from the

trial court's judgment of possession in favor of appellee, Citimortgage, Inc.[1]  On

---

[1]    In a forcible-detainer action, "the only issue shall be as to the right to actual possession; and the merits of the title shall not be adjudicated." TEX. R. CIV. P.

August 17, 2012, Citimortgage filed a motion to dismiss Egbunike's appeal as moot, stating that Egbunike failed to file a supersedeas bond, a writ of possession was issued, and Citimortgage took possession of the subject property on August 1, 2012. *See* TEX. PROP. CODE ANN. § 24.007 (West Supp. 2011).

Although the failure to supersede a forcible-detainer judgment does not divest an appellant of the right to appeal, an appeal from a forcible-detainer action becomes moot if the appellant is no longer in possession of the property, unless the appellant holds and asserts "a potentially meritorious claim of right to current, actual possession" of the property. *Marshall v. Housing Authority of the City of San Antonio*, 198 S.W.3d 782, 786–87 (Tex. 2006); *see Wilhelm v. Fed. Nat. Mortg. Ass'n*, 349 S.W.3d 766, 768 (Tex. App.—Houston [14th Dist.] 2011, no pet.); *Gallien v. Fed. Home Loan Mortg. Corp.*, No. 01-07-00075-CV, 2008 WL 4670465, at *2–4 (Tex. App.—Houston [1st Dist.] Oct. 23, 2008, pet. dism'd w.o.j.).

On August 21, 2012, the Clerk of this Court requested a response from Egbunike, by August 31, 2012, to Citimortgage's motion to dismiss. Egbunike has not filed a response and, therefore, has failed to assert a potentially meritorious claim of right to current, actual possession of the property. *See Marshall*, 198 S.W.3d at 787; *Wilhelm*, 349 S.W.3d at 768; *Rady v. CitiMortgage, Inc.*, No. 03-

746; *see Wilhelm v. Fed. Nat. Mortg. Ass'n*, 349 S.W.3d 766, 768–69 (Tex. App.—Houston [14th Dist.] 2011, no pet.).

2

11-00734-CV, 2012 WL 753128, at *1 (Tex. App.—Austin March 9, 2012, no pet.).  Because Egbunike is no longer in possession of the property and has not asserted a potentially meritorious claim of right to current, actual possession, Egbunike's appeal is moot.  *See Wilhelm*, 349 S.W.3d at 769.

Accordingly, we grant appellee's motion, vacate the county court's judgment, and dismiss the appeal as moot.  *See Marshall*, 198 S.W.3d at 785, 787, 790; *Wilhelm*, 349 S.W.3d at 769.  We dismiss all other pending motions as moot.

**PER CURIAM**

Panel consists of Justices Jennings, Higley, and Sharp.